Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4766 | DATE | JANUARY 15, 2004 |
| CASE TITLE | AUTO SEARCH, INC., etc. and AUTO SHIELD, INC., etc., v. AUTOMOBILE PROTECTIONS CORPORATION, etc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss [3-1] is granted. Defendant's alternative motion for change of venue [3-2] is denied without prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs dismissing plaintiffs' cause of action with prejudice.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 16 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | Jan. 15, 2004 date mailed notice | |
| cw | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 6 2004

AUTO SEARCH, INC., an Illinois )
corporation, and AUTO SHIELD, )
INC., an Illinois corporation, )
)
Plaintiffs, )
)
v. ) No. 03 C 4766
)
AUTOMOBILE PROTECTIONS )
CORPORATION, a Georgia )
corporation, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Auto Search, Inc. and Auto Shield, Inc. bring this breach of contract action against defendant Automobile Protections Corporation ("APCO"). There is complete diversity of citizenship and the amount in controversy exceeds $75,000. Defendant moves to dismiss this action. Alternatively, defendant moves to transfer venue to the Northern District of Georgia.

On a Rule 12(b)(6) motion to dismiss, plaintiffs' well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint

12

need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Boim v. Quranic Literacy Institute, 291 F.3d 1000, 1008 (7th Cir. 2002); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). Plaintiffs in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). In the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). However, in response to a motion to dismiss that raises the issue, the plaintiff must identify the legal basis for a claim and make adequate legal arguments in support of it. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041-42 (7th Cir. 1999); Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Carpenter v. City of Northlake, 948 F. Supp. 759, 765 (N.D. Ill.

1996). As long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth, 199 F.3d at 368; Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

The following facts are taken to be true for purposes of ruling on defendant's motion to dismiss. Defendant is engaged in the business of selling automobile warranties and service contracts. Under the terms of the parties' contract, Aegis Group, Inc. is the obligor on the service contracts. Aegis apparently is a related corporation to APCO. Plaintiffs' principal, Michael Case, formerly sold APCO warranties through the automobile dealership at which he was employed. In 2002, Case formed Auto Search, which entered into an agreement with defendant to sell defendant's warranties and service contracts. The parties contract, which is provided as an exhibit to the complaint (hereinafter "the Contract"), is an unmodified version of defendant's form contract for automobile dealers. The only additions to the form are filling in blanks for the date of the contract and filling in identifying information for Auto Search. The Contract is dated June 12, 2002. At the time the Contract was signed, defendant was aware that Auto Search was not an automobile dealership, but a web-based company that intended to market defendant's warranty exclusively through the Internet. Auto Search's and Auto Shield's office is located in Illinois and

Auto Search's pre-contract contacts with defendant were with defendant's regional representative located in Illinois.

Subsequent to June 12, 2002, Case and Kawai Tsang formed Auto Shield. With defendant's express consent and approval, on August 15, 2002, all of Auto Search's rights and obligations under the Contract were assigned to Auto Shield. With the knowledge and approval of defendant, plaintiffs[1] invested substantial monies and time in developing the web site, including renting office space and leasing business equipment. Until October 2002, defendant provided assistance with marketing and business strategies and by furnishing licensed and copyrighted materials. On September 21, 2002, plaintiffs began selling the warranties on their web site. By October 23, 2002, 38 warranties had been sold.

On October 23, 2002, defendant notified plaintiffs that they should immediately discontinue operations while defendant decided if it wanted to continue its relationship with plaintiffs. Plaintiffs informed defendant that such a shutdown would cause serious injury to their business. After threats of revoking plaintiffs' license to market defendant's product, plaintiffs complied. On November 14, 2002, defendant terminated plaintiffs' license to distribute, use, and sell products and services under the Contract. The Complaint does not state

---

[1] Even for events occurring after August 15, 2002, the allegations of the Complaint continue to refer to "plaintiffs" in the plural, not just Auto Shield.

whether the effective date of the termination was to be immediate or within 30 days. However, there is no express allegation in the Complaint nor any argument in plaintiffs' answer brief that the 30-day notice requirement under the Contract was breached. Also, in plaintiffs' brief, November 14, 2002 is referred to as the date on which defendant "served Plaintiffs with notice of their intention to terminate the contract." The only reasonable inference is that 30 days' notice was provided. The notice did not state any reason for the termination.

The Contract includes the following provisions:

> **TERMINATION:** This agreement may be terminated for any reason, by either party giving thirty (30) days written notice to the other party. In the event of termination, the duties and obligations of the parties with respect to service contracts and limited warranties validly issued, shall remain the same until expiration of such service contracts and limited warranties.
>
> **JURISDICTION & INTERPRETATION:** Jurisdiction and venue for any controversy arising under, or interpretation of, this agreement shall be in the appropriate state court in DeKalb County, Georgia, and, if federal court, The Northern District of Georgia, Atlanta Division.

The parties generally rely on Illinois contract law. Defendant acknowledges the possibility that Georgia law may be the appropriate law to apply under the contract, but contends it is nevertheless the same as Illinois law. Since the parties rely on Illinois law, do not provide argument that the law of another state applies, and do not contend that other possibly applicable law is different, the law of Illinois will be applied in

resolving the pending motion to dismiss. See Gould v. Artisoft, Inc., 1 F.3d 544, 549 n.7 (7th Cir. 1993); Burt v. Makita USA, Inc., 212 F. Supp. 2d 893, 896 (N.D. Ind. 2002).

Plaintiffs contend that defendant breached the Contract because it breached its implied duty of good faith and fair dealing. There is no dispute that, under Illinois law, every contract contains an implied promise of good faith and fair dealing unless it expressly provides otherwise. Cromeens, Holloman, Sibert, Inc. v. AB Volvo, 349 F.3d 376, 395 (7th Cir. 2003). The implied duty, however, does not override or modify express and unambiguous terms of the contract. Id. at 395-96. The implied duty is not an independent source for a breach, but a guide in construing terms susceptible to more than one construction. Id. at 395; Pierce Packaging Co. v. Atlas Copco Wagner, Inc., 2003 WL 22287390 *1 (N.D. Ill. Oct. 2, 2003). Where only one party to the contract has the discretion and power to take a particular action, that party must exercise the power in good faith and with fair dealing, that is reasonably, not arbitrarily, and in a manner consistent with the parties' reasonable expectations. Cromeens, 349 F.3d at 395; Pierce Packaging, 2003 WL 22287390 at *1. Where the parties' contract expressly and unambiguously provides that it may be terminated by either party for any reason (without cause), this right to terminate at will is not limited by the implied duty. Cromeens, 349 F.3d at 396; Pierce Packaging, 2003 WL 22287390 at *1.

Citing Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 908 F.2d 1351 (7th Cir. 1990), plaintiffs contend the general rule should not apply because the parties did not contemplate defendant exercising its right to terminate within less than five months after the Contract was signed and less than two months after plaintiffs began selling on the Internet. Kham, however, still follows the general rule. In that case, the defendant bank did not breach any duty of good faith and fair dealing when it freely exercised its contractual right to stop making further advances under a line of credit, "for any reason satisfactory to itself." Id. at 1357.

> . . . Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of "good faith". Although courts often refer to the obligation of good faith that exists in every contractual relation, e.g., UCC § 1-201; Jordan v. Duff & Phelps, Inc., 815 F.2d 429, 438 (7th Cir. 1987), this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. "Good faith" is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties. When the contract is silent, principles of good faith--such as the UCC's standard of honesty in fact, UCC § 1-201(19), and the reasonable expectations of the trade, UCC § 2-103(b) (a principle applicable, however, only to "merchants", which Bank is not)--fill the gap. They do not block use of terms that actually appear in the contract.

Id. In the present case, like in Kham and Cromeens, the parties' agreement is not silent; the parties expressly agreed the

Contract could be terminated for "any reason" by either side. Plaintiffs want a provision to be read into the Contract that would make the termination provision ineffective for an indefinite period of time until they could reasonably recoup their investment. The express language of the Contract is to the contrary; the termination provision is written to be effective from the beginning as long as 30 days' notice is provided. Defendant did not breach the termination provision.

Plaintiffs' only other contention is that the general rule only applies to contracts that are terminable at will and that the Contract was not terminable at will because it contained a provision requiring 30 days' notice prior to termination. That contention is without merit. The focus of the general rule is not on whether a contract is completely terminable at will, but whether a contract has an express provision (about termination or something else) that need not be further clarified or amplified by applying the guide of good faith and fair dealing. Moreover, this rule has been applied to termination without cause clauses which also require a specified period of notice prior to termination. See, e.g., Cromeens, 349 F.3d at 392, 395-96.

Plaintiffs have not pointed to any legal basis upon which they could be granted relief. The motion to dismiss will be granted.

In its brief, defendant conclusorily requests costs and attorney fees. Any bill of costs or motion for attorney fees must be filed within the time period allowed by Local Rule and

properly supported. See N.D. Ill. L.R. 54.1, 54.3. Defendant does not identify its basis for requesting attorney fees, but, if it is relying on the indemnity provision of the Contract, that provision appears to be inapplicable to the present action since the present action does not arise from plaintiffs' breach of the Contract or their action, inaction, or negligence. (The indemnity provision provides: "The Dealer agrees to indemnify, defend and hold APCO and Aegis harmless from any actions, claims, liabilities, judgments, or awards arising from the Dealer's breach of this agreement or out of the action, inaction, or negligence of Dealer or Dealer's representatives, agents (other than APCO's or Aegis'), or employees. This indemnification and hold harmless covers any court costs or attorney fees.") However, no ruling as to the appropriateness of awarding attorney fees is presently being made.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [3-1] is granted. Defendant's alternative motion for change of venue [3-2] is denied without prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs dismissing plaintiffs' cause of action with prejudice.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 15, 2004

# United States District Court
## Northern District of Illinois
### Eastern Division

AUTO SEARCH, INC., an Illinois corp. and
AUTO SHIELD, INC., an Illinois corp.,

v.

AUTOMOBILE PROTECTIONS
CORPORATION, a Georgia corp.

**JUDGMENT IN A CIVIL CASE**

Case Number: 03 C 4766

- [ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- [x] Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to dismiss is granted. Defendant's alternative motion for change of venue is denied without prejudice. Judgment is entered in favor of defendant Automobile Protections Corporation and against plaintiffs Auto Search, Inc. and Auto Shield, Inc. dismissing plaintiffs' cause of action with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 01/15/2004

*Carol Wing*
Carol Wing, Deputy Clerk